{¶ 27} I respectfully dissent because I believe the evidence, viewed from the perspective of the non-movant, was sufficient to infer that defendant had constructive notice of a potential hazard and, therefore, defendant's motion for summary judgment should have been denied.
 {¶ 28} The hole plaintiff fell into was on the direct path from the gas pump to the front door of the cashier's station, a distance of only six feet. The record indicates the station manager swept the area two to three times a week. Furthermore, he walked through this site every day to enter the building. Thus a hole six feet from the station door would have been within the daily view of the station manager.
 {¶ 29} Plaintiff testified that after he fell he observed a hole one to one and one-half feet in diameter and five or six inches deep. Larita Johnson's affidavit described the hole as several inches deep and approximately one foot wide and six inches long. There is no evidence to explain a hole of such dimensions being created before or after the station manager's arrival and departure the evening plaintiff fell. For example, there is no evidence of any sudden and extreme change in temperature.
 {¶ 30} Moreover, the defendant had actual knowledge of an on-going problem with pot holes in the asphalt surface of the lot. In his deposition, the manager acknowledged the need to repair holes in the asphalt arising during the winter. Invoices confirmed repairs for the two preceding years, as well as the year of this accident. Photographs, taken two months later, showing pot holes where Plaintiff fell similarly confirm the generally deteriorating condition of the asphalt.
 {¶ 31} From these facts viewed from the perspective of the non-movant, reasonable minds could conclude defendant had constructive notice of the hole.
 {¶ 32} The majority opinion denies constructive knowledge, however, because "plaintiff has failed to establish the length of time that the specific pot hole Mr. Perry fell upon existed." The majority explains that defendants' admission that they "walked around their station on a daily basis, and that they, on a number of occasions, have repaired pot holes on the premises," is insufficient evidence to prove constructive notice. This summary of the argument is incomplete: the evidence also demonstrates that the hole was specifically observed to be at least one foot wide and two to six inches deep and the hole was on the six foot direct path between the pump and the station door. From such a specific hole in such a specific location, reasonable minds could attribute constructive notice to a defendant walking daily six feet from a hole on premisses known to be regularly in repair.
 {¶ 33} In support of its requirement that explicit evidence be provided as to the length of time the hole existed, the majority cites the case of Kubiszak, ante p. 7, in part, for reaffirming the holding in Anaple v. Oil Co., 162 O.C. 537, that "evidence of how long the hazard existed is mandatory in establishing a duty to exercise reasonable care. The totality of the circumstances must indicate that a hazard existed for that period of time for which the owner or operator of the business could exercise ordinary care." Kubiszak at 687. Anaple
specifies even further that the time be sufficient to enable the operator or his employees "in the exercise of ordinary care to remove it [the potential hazard] or to warn customer about it."Anaple, paragraph one of the syllabus.
 {¶ 34} In the case at bar, because the defendant viewed the disputed area daily, reasonable minds could conclude that the defendant had an opportunity to see the hole and also had ample time to place an object in the hole to warn customers. Anaple
does not require explicit evidence of the time the hazard existed. The Supreme Court explained that the duty of ordinary care "will necessarily depend on factors such as the potential hazard involved, the opportunity which" an invitee had to avoid the hazard by ordinary care, "and the practicability of preventing, removing or warning against such hazard." The Supreme Court focused on the practicability, specifically, the cost of eliminating slight hazards. In the case at bar, the cost of placing a warning sign was minimal.
 {¶ 35} In its syllabus, Anaple specified consideration of "the nature, size, extent and location of" the potential hazard. In the case at bar, the size of the hole plaintiff described is sufficient to be a hazard, but more importantly is its location: directly in the path from the gas pump to the door of the station and within six feet of anyone who exits that door onto the lot. The Anaple factors establish defendant had a duty of care in the case at bar.
 {¶ 36} Legal analysis subsequent to Anaple has blown the time element out of proportion and out of context. As Kubiszak
says, that the hazard existed for a period of time for which defendant could exercise ordinary care must be demonstrated by "the totality of circumstances." At 687. Here the totality of circumstances sufficed to justify submitting the case to the jury.